**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000581
12-JUN-2024
07:59 AM
Dkt. 69 SO

NO. CAAP-19-0000581

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

U.S. BANK TRUST, N.A., AS TRUSTEE FOR
LSF9 MASTER PARTICIPATION TRUST, Plaintiff-Appellee, v.
THOMAS A. MORTON, Defendant-Appellant, and
RENE D. MORTON aka RENE D. RICHARDS; COUNTY OF HAWAIʻI,
a municipal corporation of the State of Hawaii,
Defendants-Appellees, and
DOES 1 THROUGH 20, Inclusive, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3CC18100151K)

### SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Thomas A. **Morton** appeals from the April 12, 2019 **Judgment** for **U.S. Bank** Trust, N.A. entered by the Circuit Court of the Third Circuit.[1]  We affirm.

U.S. Bank filed a residential mortgage foreclosure complaint against Morton and others[2] on August 3, 2018.  Morton answered the complaint, representing himself.  He didn't deny the complaint's allegations.  But he disputed U.S. Bank's "legal standing to proceed" and claimed that U.S. Bank did not have "THE ORIGINAL DEED OF TRUST" and could not provide a "PERFECT

---

[1]    The Honorable Melvin H. Fujino presided.

[2]    The others were Rene D. Morton, also known as Rene D. Richards, and the County of Hawaiʻi.  They are not parties to this appeal.

INSTRUMENT." U.S. Bank moved for summary judgment (**MSJ**). Morton filed an opposition but did not include an affidavit, a declaration, or documents. On April 12, 2019, the circuit court entered findings of fact, conclusions of law, and an order granting summary judgment, and the Judgment. Morton, through counsel, timely moved for reconsideration. Reconsideration was denied. This appeal followed.

The points of error section in Morton's opening brief does not comply with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). As best we can discern, the statement of the case and argument sections raise: **(1)** U.S. Bank's standing to foreclose; **(2)** the attorney affirmation; **(3)** Morton's request to conduct discovery; **(4)** admissibility of evidence supporting the MSJ; **(5)** adequacy of the circuit court's findings and conclusions; **(6)** statute of limitations; and **(7)** denial of the motion for reconsideration.

**(1)** Morton argues U.S. Bank didn't prove it had standing to enforce the note when its complaint was filed. See Bank of Am., N.A. v. Reyes-Toledo, 139 Hawai'i 361, 368, 390 P.3d 1248, 1255 (2017). It did. Attached to the complaint was a declaration from U.S. Bank's attorney. He stated he reviewed the original note, kept in his Honolulu office, 14 days before the complaint was filed. A copy of the note was attached to the declaration. The original lender was **Wells Fargo Home** Mortgage of Hawaii, LLC. The note had a special indorsement by Wells Fargo Home to Wells Fargo Bank, N.A., and a blank indorsement by Wells Fargo Bank, N.A. This shows that U.S. Bank had the right to enforce the note as a holder when its complaint was filed. See id. at 367, 390 P.3d at 1254.

**(2)** A residential mortgage foreclosure complaint must be accompanied by "an affirmation that the attorney has verified the accuracy of the documents submitted, under penalty of perjury and subject to applicable rules of professional conduct." Hawaii Revised Statutes (**HRS**) § 667-17 (2016). The statute includes a form with which the affirmation must substantially comply. An

**Attorney Affirmation** was filed with U.S. Bank's complaint. Morton argues the attorney did not "claim firsthand personal knowledge of the content and location of all of the relevant and material loan documents U.S. Bank is relying on[.]"  That isn't something the statute requires.  Morton offers no other argument. The Attorney Affirmation substantially complied with HRS § 667-17.

**(3)**  Morton's opposition to U.S. Bank's MSJ did not ask for a continuance to conduct discovery.  He filed a "Motion for Discovery" as a "request for reproduction of documents," but it didn't mention the MSJ or cite Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 56(f).  See Ralston v. Yim, 129 Hawaiʻi 46, 63, 292 P.3d 1276, 1293 (2013) ("HRCP Rule 56(f) is the appropriate means by which parties can ensure that they have adequate time to respond to a motion for summary judgment.").  Morton's motion was an HRCP Rule 34 request for production of documents.  Even if construed as requesting an HRCP 56(f) continuance, the motion did not explain what material facts the documents might reveal.  See Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi 277, 308, 172 P.3d 1021, 1052 (2007) (stating that the party seeking a continuance under HRCP Rule 56(f) "is required to show what specific facts further discovery might unveil") (citation omitted).  And none of the documents requested would have been material to the issues presented by the MSJ.

Morton also filed a "Motion to Compel" U.S. Bank "to produce the original 'wet' document in court physically[.]" U.S. Bank's counsel brought the original note to the MSJ hearing. Morton acknowledged examining it, although he didn't believe it was the original note.  During the hearing he didn't ask for a continuance to conduct discovery.  The circuit court does not abuse its discretion by not granting a request that was never made.

**(4)**  Morton argues U.S. Bank's records supporting its MSJ were inadmissible under Hawaii Rules of Evidence (**HRE**) Rule 803(b)(6).  U.S. Bank's documents were authenticated by the

3

declaration of Melinda Patterson. The declaration contained the information held sufficient to authenticate incorporated records under HRE Rule 803(b)(6) in U.S. Bank Tr., N.A. v. Verhagen, 149 Hawaiʻi 315, 325-27, 489 P.3d 419, 429-31 (2021).

(5) Morton argues the circuit court's findings of fact were insufficient to support the grant of summary judgment. His points of error don't cite or quote any findings, as required by HRAP Rule 28(b)(4)(C). Points not complying with HRAP Rule 28(b)(4) will be disregarded. HRAP Rule 28(b)(4). His brief doesn't explain which findings were insufficient, and why. His argument is waived. HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").

(6) Morton argues U.S. Bank's claims were barred by the statute of limitations. He cites no authority other than HRS § 657-1(1). He provides no "record references supporting each statement of fact or mention of court or agency proceedings" as required by HRAP Rule 28(b)(3). But ultimately, the statute of limitations is a personal defense that can be waived. Kellberg v. Yuen, 135 Hawaiʻi 236, 254, 349 P.3d 343, 361 (2015). Morton did not assert that defense in his answer or his opposition to U.S. Bank's motion for summary judgment. He waived it.

(7) Morton's motion for reconsideration argued facts and law that could and should have been presented in opposition to U.S. Bank's MSJ. The circuit court did not abuse its discretion by denying reconsideration. Sousaris v. Miller, 92 Hawaiʻi 505, 513, 993 P.2d 539, 547 (2000).

For these reasons, the April 12, 2019 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, June 12, 2024.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendant-Appellant.

David B. Rosen,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge